# Stouts Mountain Coal & Coke Co., *et al. v.* Pollak.

## Bill for an Accounting.

(Decided December 16, 1915.    Rehearing denied February 3, 1916.
70 South. 846.)

1. **Release; Evidence; Burden.**—Where, as an amendment to his bill, complainant admitted the execution of a release of all liability covering the time in question, he had the burden of proving the allegation of his bill seeking to avoid the prima facie legal effect of the release.

2. **Evidence; Documents; Execution.**—Written assignments of certain claims are not admissible in evidence until the execution of such assignment is proven.

3. **Mines and Minerals; Lease; Assignment; Validity.**—Where the bill was for an accounting under a mining lease, and respondent lessee sets up a release of all claims, and complainant alleges conveyance of the land and assignment of the claims prior to the release, and a reconveyance thereafter, such conveyances did not affect the respondent where no notice was given to him of such deed and assignment.

4. **Landlord and Tenant; Issue and Proof.**—In the absence of an allegation in the bill of notice to the lessee of deeds by the lessor to another and conveyance back to him, proof thereof is not availing.

[Stouts Mountain Coal & Coke Co., et al. v. Pollak.]

5. **Equity; Pleading; Interpretation.**—Although a sworn answer is not presented to the Chancellor by the note of testimony, yet its denials must be considered in connection with its admissions.

APPEAL from Cullman Circuit Court.

Heard before Hon. W. H. SIMPSON.

Bill by Ignatius Pollak against the Stouts Mountain Coal & Coke Company and others, for discovery and accounting. Decree for complainant, and respondents appeal. Reversed and remanded.

See, also, 184 Ala. 331, 63 South. 531.

By a written contract dated May 4, 1907, the complainant Pollak leased to respondent certain coal lands, with the right to mine for three years, unless the coal should be exhausted sooner. The bill charges breaches of several stipulations and covenants in the lease, and seeks an accounting and a discovery. A full statement of the case will be found in the report of the former appeal, which involves the question of pleadings only. See *Pollak v. Stouts Mountain C. & C. Co.*, 184 Ala. 331, 63 South. 531. By special plea respondents set up in defense of the bill that complainant, by a writing dated February 2, 1909, released and discharged respondent from all debts, demands, and causes of action, both in equity and in law from the beginning of the world to that date. The bill was then amended to meet and forestall this defense, the amendment alleging that on May 24, 1907, by two separate writings, complainant sold and conveyed to one Leo K. Steiner all his rights in lands covered by the lease and the rents, issues, royalties, and profits to accrue under said lease; that thereafter the release in question was given by complainant and one Roman as trustee, with the respect only to certain other lands, then also leased by respondent, and without any reference to claims growing out of the lease and lands in suit; and that on March 7, 1911, said Steiner by two separate writings reconveyed to complainant the lands in suit, and granted and assigned to him all the rents, issues, and profits to accrue under the lease, and all their rights, present and future, in or growing out of said lease by operation thereunder or breach thereof. This amendment was duly sworn to. Respondent's sworn answer to the bill as amended disclaims any knowledge of the matters set forth in the amendment and denies them, and sets up the same release as in the plea, with a denial of any

recognition of the lease thereafter. When the cause, being at issue, was regularly called, respondent did not appear, and the cause was submitted by complainant for decree on the original bill as amended, the admissions of the answers admitting the truth of paragraphs 1, 2, 5, and 6 of the bill, certain answers to complainant's interrogatories, and the original document referred to in the bill, including the several grants of the lands and assignments of the lease of 1907, and all rights thereunder, which passed between complainants and Leo K. Steiner. It does not appear from complainant's note of testimony, nor from the record, that any proof was made of complainant's execution of the assignments of the leasehold and rents and profits thereunder *to* Leo K. Steiner (Exhibit C to the bill), nor of said Steiner's execution of the reassignment thereof to complainant (Exhibit E to the bill). And it does not appear from the record that any notice was given to respondent or his counsel.

A. LATADY, for appellant. A. A. GRIFFITH, and CALLAHAN & HARRIS, for appellee.

SOMERVILLE, J.— (1) The release of all claims and damages executed by the complainant, Pollak, in favor of the respondent company, as set forth in its plea and answer to the bill of complaint, is, without doubt, prima facie a complete bar to the relief sought by the bill. By the amendment to the bill the complainant recognized the existence of that release in the very terms set forth. He thereby necessarily assumed the burden of avoiding its prima facie legal effect by proof of the allegations incorporated in the bill, by amendment, for that purpose. The matter thus set up in avoidance of the release is: (1) That prior to the execution of the release complainant had deeded the leased land to one Steiner, and at the same time assigned to said Steiner all his rights growing out of the lease, and that, complainant being therefore not the owner of the rights here sued on when he executed that release, such rights were not affected thereby; (2) that by the assignment from said Steiner complainant was reinvested with the rights of action accruing to the lessor under the lease in question, before the institution of this suit; or (3) that the release was intended to cover only a single and different transaction, not related to those in suit, and was fraudulently procured in the form exhibited.

[Stouts Mountain Coal & Coke Co., et al. v. Pollak.]

(2) It appears from complainant's note of testimony that no proof was offered as to the execution of either of the assignments exhibited by the bill, which were not self-proving, and hence it follows that complainant was not entitled to relief, whether because he fails to show that he was not the owner of the lease and its appurtenant rights when the release of damages was executed, or because he fails to show that he was reinstated with the relation and rights of lessor before he filed this bill, or because he fails in any way to show that the release did not discharge the obligations and liabilities here asserted.

(3, 4) If it be urged that the deeds of the land from complainant to Steiner, and from Steiner to complainant, were self-proving, it is nevertheless clear that these deeds did not, of themselves, affect the relations existing between complainant and respondent—at least, not unless due notice of the sale and grant was given to respondent.—*Otis v. McMillan*, 70 Ala. 46. The bill does not allege such notice to respondent, and proof thereof would not have been available, even if offered. Nor was any proof made as to the fraudulent procurement of the release by complainant.

(5) The answer to the amendment portion of the bill denies all of the facts alleged therein; and, taking the admissions and denials of the answer as a whole, as the chancellor was bound to do, complainant was not entitled to the relief prayed. It may be true, as urged, that the answer, though sworn to, was not before the chancellor in its entirety as evidence, because it was not presented through the medium of a note of testimony by respondent.—Ch. Pr. Rule 76; *Tatum v. Yahn*, 130 Ala. 575, 29 South. 201. But it was in the record as a pleading, and its denials were necessarily to be considered in connection with its admissions.

We are clear in the conclusion that the decree in this cause was not rendered "according to the claim and proof," as required on such submissions by Chancery Practice Rule 69, and must be reversed; and, exercising our discretion to the end that the issues between the parties may be fairly heard and justly determined, we remand the cause for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.