This is a petition for writs of mandamus and prohibition directed to the Honorable John N. Bryan, Jr., Judge of the Circuit Court of Jefferson County. The petitioner seeks to have Judge Bryan set aside his order transferring petitioner's civil case from Jefferson County to Etowah County, and to prohibit Judge Bryan from transferring that case to Etowah County. The writs are denied.
The present case is part of a history of litigation which arose out of the death of Clifford Arnold Edmondson. Edmondson died after being involved in an industrial accident while employed as a brakeman on the interplant railroad of Republic Steel Corporation at its Gadsden plant. Edmondson was survived by his widow, Joyce Ann Edmondson, and two minor children, Jeffrey and Michael.
Following Clifford Edmondson's death, Joyce Ann Edmondson was appointed administratrix of his estate. On her own behalf, and on behalf of her two dependent children, she reached a settlement agreement with Republic Steel. In connection with that settlement, an action was filed in the circuit court of Etowah County, styled "Joyce Ann Edmondson as dependent widow, and Jeffrey Arnold Edmondson and Michael Dewayne Edmondson as dependent minor children of the deceased, Clifford ArnoldEdmondson v. Republic Steel Corporation," Case No. CV 80-1370-S. In her complaint in that case, the petitioner alleged that Republic Steel was subject to the Federal Employers Liability Act (FELA), and she sought recovery under that Act. On September 8, 1980, the Circuit Court of Etowah County, the Honorable Cyril Smith, Judge, entered a consent judgment in favor of plaintiffs in the amount of $150,000.00, and also ordered an apportionment of the damages among the widow and the dependent children.
In addition to this consent judgment, Joyce Ann Edmondson executed a release of "Republic Steel Corporation, their agents and servants and all other persons, firms, and corporations whomsoever of and from any and all actions, claims and demands whatsoever . . . known or unknown . . . on account of or in any wise arising out of the accident, casualty, or event . . . resulting in the death of her husband." Republic paid the amount of the judgment to the clerk of the Etowah Circuit Court.
On July 15, 1983, the petitioner filed in the United States District Court for the Middle District of Alabama an action as administratrix against Republic Steel; Frank Dressman, as agent for Republic Steel; J. Richard Carr; and two fictitious parties. The action contained four counts. Count One claimed damages under FELA for the personal injuries and wrongful *Page 292 
death of Clifford Arnold Edmondson. Count Two claimed damages under the Federal Safety Appliance Act (FSAA) and FELA for the wrongful death of Clifford Arnold Edmondson. Count Three claimed damages for fraud on the part of Frank Dressman in connection with the settlement with Republic Steel and the consequent consent judgment and release. Count Four claimed damages for the alleged negligent representation of plaintiff by J. Richard Carr, attorney, in his investigation of the circumstances surrounding Republic's proposal to settle, which led to plaintiff's acceptance of a sum alleged to be substantially less than she could have reasonably expected to receive. On September 9, 1983, the United States District Court granted motions to dismiss, without prejudice, observing in its order:
 "[T]here is no federal question because although the Federal Employers Liability Act and the Federal Safety Appliance Act are purportedly invoked, plaintiff is not entitled to invoke either of said federal statutes, or to assert the causes of action contemplated by either, unless and until she successfully sets aside the final decree of the Circuit Court of Etowah County, Alabama in Civil Action No. CV 80-1370-S. In other words, her real cause of action is a claim of fraud, collaterally attacking the state court judgment, a cause of action which is not a federal cause of action. Of course, if and when plaintiff should be successful in setting aside the judgment in said Civil Action . . . she will have her choice of forum."
Thereafter, on September 22, 1983, petitioner filed her complaint in the instant case. This complaint was entitled, "Complaint By Administratrix Under Federal Employers Liability Act (FELA) And Federal Safety Appliance Act (FSAA)." It contained four counts, all substantially conforming to the complaint previously filed in the United States District Court. That is, Count One sought damages under FELA for the death of petitioner's husband. Count Two sought damages for Republic Steel's alleged violation of FSAA. Count Three alleged fraud by Republic Steel's agent, Frank Dressman; and Count Four alleged negligent representation by attorney J. Richard Carr.
All of the defendants filed motions to dismiss or to transfer, alleging questions of venue, jurisdiction, and res judicata.
Arguments were heard on the motions, and in due course Judge Bryan transferred this case to the Circuit Court of Etowah County. In its order, the court reasoned:
 "This action, now filed in Jefferson County, attacks a final judgment heretofore entered in Etowah County on September 8, 1980, by The Honorable Cyril L. Smith in Case No. CV 80 1370 S. Basically, this case charges negligence against the attorney of record and certain fictitious party attorneys who represented the plaintiff and charges their negligence caused the plaintiff to settle her case for a sum substantially less than she was entitled to. The plaintiff also makes a charge of fraud and misrepresentation against the individual claim representative of the defendant, Republic Steel Corporation, and in addition asserts two counts under the Federal Employers Liability Act against the defendant, Republic Steel Corporation.
 "To further clarify the issues in this matter, it should be clearly understood that the court is not transferring this case on the usual venue issue. Venue would be proper, in the opinion of this court, as to the defendant, Republic Steel Corporation, in Jefferson County, Alabama, and, therefore, proper as to the other individual defendants in the case.
 "The reason for directing the transfer to Etowah County is: One, it is felt that the proper proceeding by the plaintiff would be first a 60 (b) motion before the court that originally entered the judgment on September 8, 1980. Certainly, the judge who entered the final order should have some input into this matter. Only he knows what parties were before him on that date and what facts were considered by the court. Second, for all *Page 293 
this court knows, the settlement entered into might well have been a very fair and reasonable settlement. Judgments of One Hundred Fifty Thousand Dollars ($150,000.00) in death claims are not unusual, so much depending on the conduct of the deceased. But assuming the plaintiff has merit in this action, ultimately at some point in time a jury would have to determine just what sum would have been the sum that would reasonably compensate the plaintiff. It is a general consensus that Jefferson County jurors award greater damages than in other counties. True or not, this court feels that an Etowah County jury would be the proper jury to make such a determination. No doubt any recommendations made by the plaintiffs' attorney to settle in the original case would have to have been predicated on what, in his opinion, an Etowah County jury would do, not what a Jefferson County jury would likely do in the case.
 "This case is a somewhat unusual case and, without expressing a further opinion as to the merits of the case, it is felt that it is altogether improper to now bring this case into another circuit and attack a judgment of record of another circuit without first seeking relief through the court that entered such judgment now under attack. To do otherwise would open the door to a flood of litigation by subsequent dissatisfaction with consent judgments previously entered. If there was negligence, fraud or misrepresentation as claimed by the plaintiff, then such should be heard by the court that was induced to act by such fraud or negligence. Rule 60 (b) [A.R.Civ.P.] certainly provides the plaintiff the adequate vehicle by which to accomplish this."
Consideration of the claims filed in the instant Jefferson County case convinces us that this action is a collateral attack upon the judgment entered by the Circuit Court of Etowah County in 1980. The present action seeks recovery under FELA and FSAA. Although there are additional claims of fraud and malpractice, these too arise out of the death of Clifford Edmondson and are founded upon the premise that Republic Steel is subject to the FELA, as was the Etowah County lawsuit. Furthermore, there is no issue raised in this case of any misplaced venue or jurisdiction in the Etowah County case, or that the judgment in that case is not regular on its face. A domestic judgment regular on its face is immune from collateral attack. See Duncan v. Kent, 370 So.2d 288, 290 (Ala. 1979), which stated the well recognized rule that "a judgment of a court which has jurisdiction of the subject matter and parties and possesses the power to render the particular judgment is immune from collateral attack."
Under the circumstances, the trial court, therefore, did not abuse its discretion in effecting the change of venue to Etowah County. If venue was proper in both Etowah and Jefferson Counties, then in which county should this action have proceeded when the purpose of this action was to attack the judgment already rendered Etowah County? The trial court held that the proper place to launch the attack upon that judgment would have been in Etowah County. Indeed, Rule 60 (b), A.R.Civ.P., provides the procedure for such relief.
WRITS DENIED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.