This is an appeal from an order granting a motion to dismiss. This case was previously before this court on a petition for writ of mandamus. See Ex parte Edmondson, 451 So.2d 290 (Ala. 1984).
On July 17, 1980, Clifford Edmondson died as the result of an industrial accident. He was employed as a brakeman on Republic Steel Corporation's interplant railroad when the accident resulting in his death took place. Edmondson was survived by his widow, the plaintiff in the case at bar, and by two minor sons. Following the accident, Mrs. Edmondson entered into an agreement with Republic Steel purporting to settle for $150,000.00 her claims against Republic Steel arising out of her husband's death. In exchange for Republic Steel's agreement to pay her $150,000.00, Mrs. Edmondson executed a release of Republic Steel and its agents for any and all actions arising out of the death of her husband. In connection with the settlement, an action was filed in the Circuit Court of Etowah County seeking damages for Edmondson's death under the Federal Employers' Liability Act. Although the complaint filed in that case indicates that Mrs. Edmondson was acting as her own attorney, she claims that the complaint was drafted by the attorney who represented Republic Steel in that proceeding. On September 8, 1980, the Circuit Court of Etowah County entered a consent judgment in Edmondson's favor in the amount of $150,000.00.
On July 15, 1983, an attorney filed an action on Mrs. Edmondson's behalf in the United States District Court. Her complaint contained four counts. The first two counts were wrongful death actions against Republic Steel based on the Federal Employers' Liability Act and the Federal Safety Appliance Act. Count three claimed damages for fraud against Republic Steel and one of its employees, Frank Dressman, in connection with alleged representations made during the negotiations leading up to *Page 573 
the settlement. In count four Mrs. Edmondson claimed that an attorney, J. Richard Carr, had undertaken to advise her regarding her claims against Republic Steel and that he negligently advised her to settle her claims for an unreasonable amount.
The United States District Court dismissed the action for lack of jurisdiction. There was no diversity of citizenship which would support the common law claims, and the counts based on the FELA and the FSAA were barred by the prior judgment. The court opined that if Mrs. Edmondson could successfully attack the prior judgment based on fraud she would be entitled to proceed in her FELA and FSAA actions.
On September 22, 1983, Mrs. Edmondson filed this action in the Jefferson County Circuit Court. The allegations of the complaint in this case are substantially the same as those in the federal action. The Jefferson County Circuit Court entered an order transferring the case to Etowah County. Although venue was proper in Jefferson County, the court concluded that it would be proper to present the matter to the Etowah County Circuit Court because it would be necessary to attack the judgment rendered in Etowah County under the provisions of Rule 60 (b), A.R.Civ.P., before proceeding. Edmondson filed a petition for writ of mandamus seeking to prohibit the Jefferson County court from transferring the case. This Court denied the writ. See Ex parte Edmondson, supra.
The defendants filed a motion to dismiss in the Circuit Court of Etowah County on the grounds that the complaint failed to state a claim upon which relief could be granted, that the action was res judicata, that the applicable statute of limitations had run, that the plaintiff had released the defendants, that she was guilty of laches, and that the court lacked subject matter jurisdiction. The circuit court entered an order granting the defendants' motion, and the plaintiff appeals.
With regard to counts one and two, we agree with the federal court and with the defendants that the FELA and FSAA claims against Republic Steel are res judicata. Plaintiff cannot proceed with an action against the same parties for the same claim which was previously litigated without first obtaining relief from the judgment by way of a Rule 60 (b) motion or an independent action. Ex parte Edmondson, 451 So.2d 290 (Ala. 1984).
Count three alleges that Dressman, acting on behalf of Republic Steel, fraudulently induced Mrs. Edmondson to accept the $150,000.00 settlement. She claims that Dressman told her that she was entitled to no more than $80,000.00 from Republic Steel for her husband's death and that she should accept the $150,000.00 offer without retaining an attorney because attorney's fees would reduce her net recovery. The complaint avers that Dressman's representations were false, that he knew they were false when he made them, and that Mrs. Edmondson relied to her detriment on those representations in settling the claims and by executing the release.
Of course, a release obtained by fraud is void. Turnipseed v.McMath, 13 Ala. 44, 48 (1848). The defrauded party can avoid the operation of the release by seeking a rescission of the agreement. As a precondition to rescission, however, the plaintiff must tender a return of the consideration within a reasonable time after discovery of the fraud. Ledbetter v.Frosty Morn Meats, 274 Ala. 491, 498, 150 So.2d 365, 371
(1963); Birmingham Railway, Light Power Co. v. Jordan,170 Ala. 530, 537, 54 So. 280, 282 (1911). Since Mrs. Edmondson has chosen to retain the benefits of her agreement with Republic Steel, she should be bound by the release. The release applies to Dressman as well as to Republic Steel. Mrs. Edmondson released Republic Steel's "agents and servants . . . from any and all actions, claims and demands . . . which [Edmondson] now has or may have, whether known or unknown." The trial court properly dismissed count three of the plaintiff's complaint.
Count four is based on attorney malpractice. Mrs. Edmondson's complaint alleges that she contacted Carr seeking advice *Page 574 
regarding the proposed settlement. She claims that Carr undertook an investigation of the facts and circumstances surrounding her case and that as a proximate result of Carr's negligent investigation and advice she suffered damages in that she accepted an amount which was substantially less than the amount to which she was entitled.
Carr argues that allowing an action to proceed against him would be tantamount to allowing an impermissible collateral attack on the judgment. He takes the position that Mrs. Edmondson should be required to seek relief under Rule 60 (b) as a prerequisite to a malpractice action against him.
We disagree. Defendant Carr cites no authority in support of his contention that a party must have the underlying judgment set aside before proceeding against an attorney who negligently caused the compromise or settlement of his client's case for an unreasonable sum of money. While we have been unable to find a case in which the precise issue raised by the defendant has been discussed, we have found several cases in which courts have allowed actions to proceed against attorneys for negligently causing or allowing actions to be settled for unreasonable amounts. See, e.g., King v. Jones, 258 Or. 468,483 P.2d 815 (1971); Vooth v. McEachen, 181 N.Y. 28,73 N.E. 488 (1905); "Legal Malpractice In Settling Case," 87 A.L.R.3d 168. The trial court's ruling with regard to the plaintiff's claim against Carr is due to be reversed.
The decision of the trial court is hereby affirmed in part; and reversed in part; and the action is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and EMBRY, BEATTY and ADAMS, JJ., concur.
MADDOX, JONES, ALMON and SHORES, JJ., concur in part, but dissent as to that portion of the opinion allowing the legal malpractice claim to proceed.