The issue in this case is whether the Circuit Court correctly entered a summary judgment for the defendant insurance company because the plaintiffs had signed a release, a release that the plaintiffs contend was procured by fraud.
The plaintiffs, Anthony D. Underwood and Maureen K. Underwood, sued Allstate Insurance Company for uninsured motorist benefits for personal injuries suffered by Mr. Underwood and loss of consortium suffered by Mrs. Underwood.
Allstate filed a motion to dismiss the Underwoods' complaint pursuant to Ala.R.Civ.P., Rule 12(b)(6), and submitted a release of the uninsured motorist benefits signed by the Underwoods and stating on its face that it was a "full and final" settlement of all claims. Allstate claimed it had reimbursed the deductible to the Underwoods and had settled the uninsured motorist claim for personal injury.
The trial court held a hearing on Allstate's motion but took no testimony, and neither party filed any affidavits. In response to Allstate's motion, the Underwoods filed no counter-affidavits, but did obtain permission from the court to amend their complaint to allege that the release was procured by fraud. Subsequently, Allstate filed another motion to dismiss, restating the same grounds it had previously stated, and attached to the motion the same draft and release that it had attached to its first motion. Allstate filed no affidavits or other evidence to negative the allegations in the amended complaint that the release was obtained by fraud.
The court conducted another hearing on Allstate's motion. No testimony was taken and no affidavits were filed at this hearing either. The trial court granted Allstate's motion, and the Underwoods appealed.
Because Allstate filed matters outside the pleadings in support of its Rule 12(b)(6)motion, we treat it as a Rule 56 motion for summary judgment.[1]
As previously stated, Allstate supported its Rule 12(b)(6) motion only with the settlement draft and the release signed by the Underwoods. *Page 259 
When a party makes a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided. . ., must set forth specific facts showing that there is a genuine issue for trial." Ala.R.Civ.P., Rule 56(e). If he does not so respond, summary judgment may be entered against him.
A valid release, of course, can act as a complete bar to relief, and if the release here was not procured by fraud it would bar the relief the plaintiffs seek. Stouts Mountain Coal Coke Co. v. Pollak, 195 Ala. 556, 70 So. 846, 558 (1915).
In their amended complaint, the Underwoods, while admitting the existence of the release, nevertheless claimed that it was obtained by misrepresentations made by Allstate's agents. The Underwoods argue that a release obtained in such a manner is void. Edmondson v. Dressman, 469 So.2d 571 (Ala. 1985).[2]
Insofar as the propriety of summary judgment is concerned, this case is strikingly similar to the case of Ray v. MidfieldPark, Inc., 293 Ala. 609, 308 So.2d 686 (1975). There, a lessor filed a declaratory judgment action in which the lessor sought to have the court declare that the terms of a lease pertaining to a renewal option had not been complied with, as a matter of law. The lessee, in its answer, alleged that the lessor had waived that provision of the lease. In reversing the trial court's summary judgment, the Court noted that the movant/lessor had offered no evidence to negative the allegations of the lessees that a waiver had occurred, and that the summary judgment, therefore, was inappropriate, because the question whether a waiver had occurred was a genuine issue of fact that still remained to be tried.
Our judgment here should not be construed as holding that a party can rely upon the allegations and denials of a pleading to establish a genuine issue of fact. Had Allstate in this case filed admissible evidence in support of its motion for summary judgment, as permitted by Rule 56, setting out all of the representations it had made before the execution of the release, and that the evidence negatived the Underwoods' allegations that the release was procured by fraud, then the Underwoods could not have relied upon the mere allegations of their amended complaint. Cf. Ray v. Midfield Park, Inc., supra. Allstate did not do this; therefore, it failed to sustain its burden of showing that no genuine issue of fact remained in the case.
Based on the foregoing, the judgment of the trial Court is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Rule 12(b) states in pertinent part:
 "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."
[2] In Edmondson the court stated that a release obtained by "fraud" was void. The plaintiffs in this case argue that a release obtained by "misrepresentation" is also void. We need not address whether there is any distinction between "fraud" and "misrepresentation," in view of our holding in this case.