787 So.2d 691 (2000)
Kevin D. MATTHEWS
v.
ALABAMA AGRICULTURAL AND MECHANICAL UNIVERSITY et al.
1981259.
Supreme Court of Alabama.
May 26, 2000.
Rehearing Denied December 29, 2000.
*692 Sherryl Snodgrass Caffey, Huntsville, for appellant.
Melissa W. Larsen of Sirote & Permutt, P.C., Huntsville, for appellee.
SEE, Justice.
The plaintiff Kevin D. Matthews appeals from a summary judgment entered in favor of the defendants, Alabama Agricultural and Mechanical University ("A & M"); Dr. Virginia Caples, interim president of A & M; Amy Herring, university counsel for A & M; and Edwin Hayes, chief of A & M's Department of Public Safety (collectively, the "university employees"). We affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.
We view the facts in a light most favorable to Matthews. Matthews is a former student and former employee of A & M.[1] *693 On August 18, 1994, Matthews sued A & M, stating claims allegedly arising out of his employment contract with A & M.[2] Matthews alleges in this present case that after he had sued A & M, its officials began to harass him. On November 3, 1995, Matthews sent a letter to Chief Hayes complaining of, among other things, the alleged harassment. In response to Matthews's letter, A & M's director of human resources on November 7 sent a letter to Matthews advising him that, because of Matthews's then pending action against A & M, she was turning his letter over to A & M's counsel, Ms. Herring. Matthews alleges:
"Attorney Herring responded to [his] complaints of harassment, and to instructions regarding the same from ... Dr. Caples, A & M Interim President, by designing a special criminal trespass form, ... and by instructing Chief Hayes to deliver the same to [Matthews], and to arrest him upon his return to [the] A & M campus."
On November 21, Matthews visited the A & M library. As he was leaving the library, he was stopped by Chief Hayes and other A & M police officers. One of the officers, Lt. Raymond Johnson, told Matthews that he was trespassing and that if he returned to the A & M campus that day he would be arrested. Johnson also placed a "criminal-trespass-warning" form on Matthews's car. The form provides for an acknowledgment by the person being warned. If the trespasser refuses to complete the acknowledgment, the form instructs the issuing officer to complete the following provision:
"On this ___ day of _____, 199_, I warned __________ that he/she was trespassing on the campus of Alabama A & M University. I further requested that he/she leave the premises immediately and refrain from returning to the campus of Alabama A & M University. He/she refused to sign the foregoing Acknowledgement and a copy of the Acknowledgement as signed below by me was given to him/her."
Lt. Johnson completed that part of the form, but he incorrectly wrote in his own name as the name of the person being warned. Matthews drove away. Lt. Johnson then discovered his error in completing the form and filled out another one, but this time he incorrectly wrote the name "Calvin Matthew" as the name of the person warned.
Kevin Matthews did not leave the A & M campus, but instead drove to another *694 building on the campus. There, he went to the office of Barbara Davis, the Alabama Education Association representative, who was assisting him in his action against A & M. Matthews complained to Davis about the incident involving the officers and the trespass warning. While Matthews was meeting with Davis, he was arrested by A & M police officers for criminal trespass; he was transported to the Huntsville city jail. On January 19, 1996, Matthews was tried in the Huntsville Municipal Court on the charge of criminal trespass, but was found not guilty. Matthews alleges that at the trial the A & M police officers who arrested him testified that they did so because Herring had instructed them to (and presumably not because he had violated any law).
In January 1996, Matthews, through his attorney (presumably the same counsel who had represented him in the employment dispute with A & M), asked A & M whether he could attend a collegiate basketball tournament being held at the A & M gymnasium. Matthews alleges that Herring told him he would be arrested if he returned to A & M for any reason. On March 27, 1996, Matthews attended a meeting on the A & M campus, a meeting that Matthews alleges was open to the public. At the event, Chief Hayes issued Matthews a trespass warning and told him that if he returned to the A & M campus he would be arrested.
On May 30, Matthews sued A & M and Caples, Herring, and Hayes, alleging state-law tort claims of false imprisonment, malicious prosecution, libel and slander, negligence, and the tort of outrage, and violations of federal and state constitutional rights.[3] Matthews asserted claims under the Constitution of Alabama of 1901 of "denial of due process," "illegal search and seizure," "denial of freedom of association," and "denial of equal protection." Matthews petitioned in the alternative for a writ of mandamus, a writ of certiorari, or an injunction, ordering the defendants "to withdraw [the] trespass warning" and "enjoin[ing] [them] from denying him the right to have public access to [the university]." Matthews further sought relief pursuant to Alabama's Declaratory Judgments Act, specifically under Ala.Code 1975, § 6-6-223. Matthews seeks compensatory and punitive damages and declaratory and injunctive relief.
On July 1, the defendants removed the action to the United States District Court for the Northern District of Alabama. After removal, the defendants moved for a summary judgment. The district court granted the defendants' motion for a summary judgment as to all of Matthews's federal-law claims and remanded Matthews's state-law claims to the state circuit court. In the circuit court, the defendants moved for a summary judgment as to all of Matthews's remaining claims, arguing that they are entitled to sovereign immunity, pursuant to Ala. Const. of 1901, art. I, § 14, and that Matthews's state constitutional claims are not cognizable under Alabama law. The circuit court granted the defendants' motion. In its order, the circuit court held that "Alabama law does not recognize a direct cause of action for monetary damage under the [Alabama] [C]onstitution," that A & M was "absolutely immune from [Matthews's] tort claims" under § 14, and that Matthews's tort "claims against the University officials in their official capacities are merely another method of asserting claims against Alabama A & M University." Implicit in the trial court's *695 order is a finding that Matthews sued the University employees in their official capacities. Matthews appeals the circuit court's summary judgment.

I.
The defendants moved for a summary judgment on the grounds that they are immune to Matthews's claims and that Alabama law does not recognize a direct cause of action for violations of the Constitution of Alabama of 1901. Immunity is an affirmative defense that the defendant must plead and prove. See Lightfoot v. Floyd, 667 So.2d 56, 64 (Ala.1995); Phillips v. Thomas, 555 So.2d 81, 86 (Ala.1989); Rule 8, Ala. R. Civ. P. Our standard for reviewing a defendant's summary judgment based on an affirmative defense is well established:
"This Court reviews de novo a trial court's denial of a summary judgment. Where, as in this case, the defendant moves for a summary judgment based on an affirmative defense, this Court applies the following standard of review:
"`When there is no genuine issue of material fact as to any element of an affirmative defense, ... and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant).'"
Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 444-45 (Ala.1999) (citations omitted; omission in Wal-Mart); see also Carroll ex rel. Slaught v. Hammett, 744 So.2d 906, 908 (Ala.1999) (affirmative defense of discretionary-function immunity).

II.
Matthews argues that the trial court erred in granting the defendants' motion for a summary judgment because, he argues, they failed to make a prima facie showing that they were entitled to a judgment as a matter of law.[4] Matthews *696 contends that the defendants failed to make a prima facie showing because they did not support their motion with affidavits or produce any other evidence, but instead relied solely on the pleadings. We agree that the defendants failed to make a prima facie showing. Under Rule 56(b), Ala. R. Civ. P., the defendants were not required to produce affidavits in support of their motion; however, as the moving parties, they were required to produce evidence in support of their motion showing (1) that there was no genuine issue of material fact as to any element of the affirmative defense and (2) that they were entitled to a judgment as a matter of law based on that affirmative defense. See Smitherman, 743 So.2d at 444-45. If the defendants did not make that prima facie showing, then the burden did not shift to Matthews. See Chilton v. City of Huntsville, 584 So.2d 822, 824 (Ala.1991).
In support of their motion for a summary judgment, A & M and the university employees argued that they are agents of the State of Alabama and, therefore, are immune from suit by § 14 of the Constitution of Alabama of 1901. The defendants produced no admissible evidence in support of their motion for summary judgment. Their motion was supported entirely a memorandum of law and the allegations in Matthews's amended complaint. At the time the defendants moved for a summary judgment, they had not filed an answer denying the allegations of Matthews's complaint. Moreover, there is no indication that when they moved for a summary judgment discovery had been completed. Therefore, we must determine whether, based on the allegations in Matthews's complaint, the defendants satisfied their burden of production to make a prima facing showing. If they did not, then the burden did not shift to Matthews to produce substantial evidence to refute the immunity defense. See Bradford v. Universal Constr. Co., 644 So.2d 864, 866 (Ala.1994); Underwood v. Allstate Ins. Co., 590 So.2d 258, 259 (Ala.1991). Thus, whether the defendants made a prima facie showing depends on whether they are immune from suit under § 14 of the Constitution of Alabama of 1901 as a matter of law, based on the allegations in Matthews's amended complaint. See Phillips, 555 So.2d at 84 (stating that the question whether a state officer or employee is entitled to qualified/substantive/discretionary-function immunity is a question of law to be decided by the trial court).

III. § 14 Immunity
Section 14 of the Constitution of Alabama of 1901 provides: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." This Court "ha[s] interpreted § 14 as affording absolute immunity to some State officials, as well as to the State itself, and extending a qualified immunity to others." DeStafney v. University of Alabama, 413 So.2d 391, 392 (Ala.1982) (opinion on application for rehearing).

A. Claims Against A & M
Alabama A & M University is an instrumentality of the State of Alabama and, thus, is absolutely immune from suit under § 14. See, e.g., Ex parte Craft, 727 *697 So.2d 55, 58 (Ala.1999); Rigby v. Auburn Univ., 448 So.2d 345, 347 (Ala.1984); Taylor v. Troy State Univ., 437 So.2d 472, 474 (Ala.1983); Hutchinson v. Board of Trustees of Univ. of Alabama, 288 Ala. 20, 256 So.2d 281 (1971); Cox v. Board of Trustees of Univ., 161 Ala. 639, 49 So. 814 (1909). Therefore, the trial court properly entered the summary judgment in favor of A & M, and we affirm that part of the trial court's judgment.

B. Claims Against the University Employees
Initially, we address the question whether Matthews's claims against the university employees are asserted against them in their official capacities or in their individual capacities. The trial court determined that Matthews had sued the university employees in their official capacities, and, therefore, concluded that they were immune from suit, under § 14. Based on the allegations in his amended complaint, we disagree with the conclusion that Matthews sued the university employees in their official capacities. Yet, had Matthews sued the university employees in their official capacities and had sought to recover money damages, to that extent the trial court is correct that they would be entitled to absolute immunity under § 14. See DeStafney, 413 So.2d at 393 ("`[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.'"); Phillips, 555 So.2d at 83 ("State officers and employees, in their official capacities and individually,... are absolutely immune from suit when the action is, in effect, one against the State."). To the extent Matthews might have sued the university employees in their official capacities and sought injunctive or declaratory relief, however, the trial court erred in stating that they are entitled to absolute immunity under § 14. See Ex parte Alabama Dep't of Forensic Sciences, 709 So.2d 455, 457 (Ala.1997); Gill v. Sewell, 356 So.2d 1196, 1198 (Ala. 1978); Unzicker v. State, 346 So.2d 931 (Ala.1977) (declaratory-judgment action).
We understand Matthews's amended complaint to assert claims against the university employees in their individual capacities. In his amended complaint, Matthews sued the university employees, alleging (1) false imprisonment; (2) malicious prosecution; (3) libel and slander; (4) negligence; (5 through 7) several state constitutional violations; and (8) the tort of outrage; and seeking, in counts 9 and 10, declaratory relief and injunctive relief, respectively. Matthews alleges that the university employees violated "clearly established Constitutional and statutory rights," that they "exceed[ed] the scope of their statutory and administrative authority," and that they acted willfully, fraudulently, outrageously, and maliciously. The university employees did not file an answer or any other pleading denying the allegations in Matthews's complaint, nor did they produce any admissible evidence in support of their motion for summary judgment. Thus, the university employees, in moving for a summary judgment based on the allegations in Matthews's complaint, did not make a prima facie showing and thereby shift the burden to Matthews to produce substantial evidence. See Underwood v. Allstate Ins. Co., 590 So.2d 258, 259 (Ala.1991); cf. Pack, 612 So.2d at 403. Because Matthews has alleged in his amended complaint that the university employees acted willfully, maliciously, fraudulently, and beyond their authority, and because the university employees presented no evidence indicating that they were exercising a discretionary function when Matthews was arrested for *698 allegedly trespassing on the A & M campus, but instead relied solely on the pleadings, we cannot conclude that they are entitled either to sovereign immunity or to qualified/substantive/ discretionary-function immunity. See Ex parte Alabama Dep't of Forensic Sciences, 709 So.2d 455, 457 (Ala.1997); Wright v. Wynn, 682 So.2d 1, 2 (Ala.1996); Pack v. Blankenship, 612 So.2d 399, 403 (Ala.1992); Phillips, 555 So.2d at 86 (holding that to be entitled to qualified/substantive/discretionary-function immunity at the summary-judgment stage, the defendant must meet his burden of showing that the alleged tortious act or omission arose out of a discretionary function). Therefore, the trial court erred in entering a summary judgment in favor of the university employees on the false-imprisonment, malicious-prosecution, libel and slander, negligence, and outrage counts (counts 1 through 4 and count 8). The trial court also erred in entering a summary judgment in favor of the university employees on Matthews's claims for declaratory and injunctive relief in counts 9 and 10; such claims come within exceptions to the sovereign immunity provided by § 14. See Phillips, 555 So.2d at 83; Aland v. Graham, 287 Ala. 226, 250 So.2d 677 (1971).
Matthews also alleges that the university employees violated certain rights he claims are guaranteed to him by the Constitution of Alabama of 1901. For these alleged violations, Matthews seeks both compensatory and punitive damages. However, Matthews presented no authority to the trial court, and he has presented no authority to this Court, that recognizes a private cause of action for monetary damages based on violations of the provisions of the Constitution of Alabama of 1901, and we have found none. Accord Ross v. Alabama, 893 F.Supp. 1545, 1555 (M.D.Ala.1995) (finding no authority under Alabama law for bringing an action seeking monetary damages against a state employee for violations of state constitutional law). Therefore, the trial court properly entered the summary judgment in favor of the university employees on counts 5 (A and B) through 7. See Henderson v. Alabama A & M Univ., 483 So.2d 392 (Ala. 1986) ("`Where an appellant fails to cite any authority, we may affirm, for it is neither our duty nor [our] function to perform all the legal research for an appellant.'").

IV.
Accordingly, we affirm the summary judgment in favor of A & M on all counts and in favor of the university employees on the counts alleging state constitutional violations (counts 5 through 7); we reverse the summary judgment in favor of the university employees on the counts alleging false imprisonment, malicious prosecution, libel and slander, negligence, and the tort of outrage and on the counts seeking declaratory relief and injunctive relief (counts 1 through 4 and counts 8 through 10); and we remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., and MADDOX and COOK, JJ., concur in the result.
JOHNSTONE, Justice (concurring).
I concur, but with the reservation that the Restatement (Second) of Torts, § 895D, Public Officers (1974), and not § 14 of the Alabama Constitution of 1901, is the current basis for Alabama's doctrine of qualified immunity, DeStafney v. University of Alabama, 413 So.2d 391, 393 *699 (Ala.1981), although I recognize that some of our cases, including DeStafney, contain language to the contrary.
NOTES
[1] The following facts are based on Matthews's verified complaint and the memorandum opinion of the United States District Court for the Northern District of Alabama, Northeastern Division, to which this case was removed. Matthews v. Alabama A & M Univ., No. CV-96-S-1704-NE (N.D. Ala., June 24, 1997). After ruling on the merits of Matthews's federal-law claims, the federal district court remanded the case to the state court.
[2] That action is not the subject of this appeal. The facts and procedural history of Matthews's prior action against A & M are stated in Matthews v. Alabama Agricultural & Mechanical University, 716 So.2d 1272 (Ala.Civ. App.1998). In that action, Matthews sued A & M, its president, and the board of trustees, alleging that A & M had breached its employment contract with him and had denied him his federal and state constitutional due-process rights. The trial court entered a summary judgment in favor of the defendants, and Matthews appealed. The Court of Civil Appeals reversed the summary judgment on the breach-of-contract and due-process claims, holding that there were genuine issues of material fact as to whether Matthews had a contract of continuing employment with A & M; affirmed the summary judgment to the extent that Matthews sought monetary damages against A & M, its president, and its board of trustees, holding that the defendants were entitled to sovereign immunity; and reversed the summary judgment to the extent that Matthews sought declaratory and injunctive relief. The events giving rise to Matthews's breach-of-contract action serve as a backdrop to the events giving rise to this present appeal.
[3] The defendants take the position that Matthews asserted his claims against them in their official capacities. However, the defendants' position is not supported by the complaint, which does not assert that the defendants are sued in their official capacities.
[4] Matthews also argues that the defendants are precluded, under the doctrines of res judicata and collateral estoppel, from raising the arguments in their motion for summary judgment because the same arguments were raised in the defendants' motion for summary judgment in the federal district court. However, in his brief, Matthews makes no argument and presents no legal authority whatever in support of this issue. Thus, this Court need not consider this argument. See Henderson v. Alabama A & M Univ., 483 So.2d 392 (Ala.1986). Moreover, Matthews's argument is clearly without merit, because the federal district court ruled only on the merits of Matthews's federal-law claims. As for Matthews's state-law claims, the district court declined to exercise its supplemental jurisdiction and remanded the claims to the state trial court. Therefore, the defendants are not precluded either by the doctrine of collateral estoppel or by the doctrine of res judicata from raising their arguments concerning Matthews's state-law claims. See Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990).

Matthews also makes several procedural arguments in support of his contention that the trial court erred in granting the defendants' motion for summary judgment. Matthews contends that the trial court erred in allowing the defendants to reply to Matthews's opposition. We conclude that the trial court did not abuse its discretion under Rule 56 in allowing the defendants to reply to Matthews's opposition.
Matthews argues that the defendants failed to comply with Rule 56(c)(1), because their motion for a summary judgment was not supported by a narrative summary of what they contend to be the undisputed material facts. The gist of Matthews's argument is that the defendants are required under Rule 56 to present facts concerning each and every one of his claims. This argument is clearly without merit. Under Rule 56(c)(1), the movant is required to support his motion with "a narrative summary of what the movant contends to be the undisputed material facts." The defendants in this case did exactly that; they filed a statement of what they contend to be the undisputed material facts. (C. at 94-96.) That the defendants' statement of undisputed facts is based on the pleadings is expressly permitted by Rule 56(c)(1). As Rule 56(a) recognizes, a movant is not required to support its motion for a summary judgment with affidavits.