990 So.2d 398 (2007)
Antonio Saldana HERNANDEZ and Sandy Herman-Hernandez
v.
CITY OF HOOVER and Jacob Pugh.
2060794.
Court of Civil Appeals of Alabama.
December 7, 2007.
Rehearing Denied February 8, 2008.
Certiorari Denied March 14, 2008 Alabama Supreme Court 1070707.
Stephen A. Strickland of Jaffe, Strickland, Drennan & Dodd, P.C., Birmingham, for appellants.
Mark S. Boardman and Alicia F. Bennett of Boardman, Carr & Hutcheson, P.C., Chelsea, for appellees.
MOORE, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(E), Ala. R.App. P.; Ernst & Young, LLP v. Tucker, 940 So.2d 269, 284 (Ala.2006); Ex parte Cranman, 792 So.2d 392 (Ala.2000); Matthews v. Alabama Agric. & Mech. Univ., 787 So.2d 691 (Ala.2000); Smith v. Union Bank & Trust Co., 653 So.2d 933, 934 (Ala.1995); Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985); and Thurmond v. City of Huntsville, 904 So.2d 314, 319 (Ala.Civ. App.2004).
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., dissents, with writing.
*399 THOMPSON, Presiding Judge, dissenting.
"For a summary judgment to be proper, there must be no genuine issue of material fact and the movant must be entitled to a judgment as a matter of law. Ala. R. Civ. P. 56(c), Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985). Further, on review of a summary judgment we must view all the evidence in a light most favorable to the nonmovant and we must entertain all reasonable inferences from the evidence in favor of the nonmovant. Fincher v. Robinson Bros. Lincoln-Mercury, 583 So.2d 256 (Ala.1991)."
First Fin. Ins. Co. v. Tillery, 626 So.2d 1252, 1254 (Ala.1993).
Because I believe that the evidence contained in the record on appeal, when viewed in a light most favorable to the plaintiffs, created a genuine issue of material fact to be decided by a jury, I would reverse the summary judgment in favor of the defendants.
Therefore, I respectfully dissent.