HOUSTON, Justice.
The plaintiff, Jane Hill Head, appeals from a summary judgment for the defendants, Southern Development Company, an Alabama general partnership, and its partners, Edwin W. Finch III, Francis A. McDermott, and James E. Davis, Jr. (the defendants are hereinafter collectively referred to as “Southern Development”), in this action to recover damages for the breach of an indemnity agreement. We affirm.
The following material facts are not in dispute: In the early 1980’s the plaintiffs husband, Beverly P. Head, Jr., was one of five general partners in Costa and Head Land Company. At that time, Costa and Head Land Company was developing real estate in downtown Birmingham. Costa and Head Land Company was the sole general partner in Costa and Head (Birmingham One), Ltd. (“Birmingham One”), an Alabama limited partnership that owned property under development by Costa and Head Land Company. Birmingham One was the sole general partner in Costa and Head (Market), Ltd. (“Market”), an Alabama limited partnership that was created by Birmingham One for the purpose of arranging financing for the development of Birmingham One’s property.
In 1985, Market obtained a $7,500,000 loan commitment from Union Labor Life Insurance Company (“Union Labor”). In order to obtain that commitment, Market agreed to pay Union Labor a $150,000 commitment fee. Under the terms of the commitment agreement, Market had to secure the payment of the fee by providing Union Labor with a $150,000 irrevocable letter of credit. At Birmingham One’s behest, Southern Development obtained the letter of credit from National Bank of Commerce (“the bank”). The bank’s letter of credit, which authorized the payment of $150,000 to Union Labor upon demand, was secured by Southern Development’s promise that it would indemnify the bank for any loss, and by the pledge of a $50,000 certificate of deposit owned by Beverly Head. Head pledged the certificate of deposit as a further inducement for Southern Development to obtain the letter of credit. To protect itself, Southern Development obtained both a promise of indemnification from Birmingham One and a promissory note secured by a second mortgage on real property owned by Birmingham One. Concerned that he could lose his certificate of deposit and, thus, that he (as one of five partners in Costa and Head Land Company, the sole general partner in Birmingham One) could possibly bear a disproportionate share of Birmingham One’s $150,000 debt to Southern Development if Birmingham One defaulted on its promissory note or under its indemnity agreement with Southern Development, Beverly Head entered into a separate agreement with Southern Development, whereby Southern Development promised to indemnify him for the loss of his certificate of deposit. On May 20,1986, Beverly Head assigned to his wife all of his rights in the certificate of deposit, as well as his indemnity agreement with Southern Development.
Ultimately, Costa and Head Land Company incurred financial difficulties, and its development plans failed. Union Labor withdrew $150,000 from the bank, pursuant to the letter of credit, and the bank foreclosed on the $50,000 certificate of deposit and applied those funds so as to partially cover its loss. The bank also collected $100,000 from Southern Development, pursuant to its indemnity agreement with Southern Development. Southern Development eventually sued Beverly Head, as well as the other partners in Costa and Head Land Company, seeking to hold them individually responsible for Birmingham One’s obligation under its promissory note and indemnity agreement. Southern Development obtained a $211,776.38 judgment against the partners in Costa and Head *1046 Land Company, including Beverly Head.[1] The propriety of that judgment is not an issue on this appeal. Jane Hill Head, as the assignee of Beverly Head’s indemnity agreement with Southern Development, filed the present action to recover for the loss of the $50,000 certificate of deposit. The trial court entered a summary judgment for Southern Development on the ground that the $50,000 Southern Development owed to Jane Head, pursuant to its indemnity agreement with Beverly Head, was completely offset by the amount that Beverly Head owed to Southern Development.
The sole issue presented on this appeal is whether the trial court erred in allowing Southern Development to raise its judgment against Beverly Head as a complete defense to Jane Head’s claim. We conclude that Southern Development was entitled to raise the doctrine of set-off as a defense.
Alabama Code 1975, § 8-5-20, provides:
“All bonds, writings and contracts for the payment of money, or other thing, or the performance of any act or duty, are assignable by endorsement so as to authorize an action thereon by each successive endorsee.”
Section 8-5-25 states: These two statutes clearly provide that a non-negotiable chose in action, such as the one held by Beverly Head pursuant to his indemnity agreement with Southern Development, is assignable, but that an assignee takes the assignment subject to any right of set-off that existed between the assignor and the obligor at the time of the assignment, as well as any right of set-off that may have arisen in favor of the obligor subsequent to the assignment but before the obligor received notice of the assignment. See Barrett v. Odom, May, & De-Buys, 453 So.2d 729, 734 (Ala.1984), in which this Court noted:
“All contracts and writings, except such as are governed by the Uniform Commercial Code, and paper issued to circulate as money, are subject to all payments, setoffs and discounts had or possessed against the same previous to notice of an assignment or transfer.”
“The language of this statute [§ 8-5-25] is consistent with the wording of § 167(1) of the Restatement of Contracts (1932), which provides:
“ ‘An assignee’s right against the obli-gor is subject to all limitations of the obligee’s right, to all absolute and temporary defenses thereto, and to all set-offs and counterclaims of the obligor which would have been available against the obligee had there been no assignment, provided that such defenses and set-offs are based on facts existing at the time of the assignment, or are based on facts arising thereafter prior to knowledge of the assignment by the obligor.’
“The provisions of § 8-5-25 clearly allow prior party set-off [i.e., an unrelated claim that would have been available as a set-off had the original holder sued the maker on the instrument] against the assignee of non-negotiable paper_”
See, also, President, etc., Bank of Mobile v. Poelnitz, 61 Ala. 147 (1878); Carroll v. Malone, 28 Ala. 521 (1856); 6 Am.Jur.2d Assignments §§ 102, 104 (1963).[2] The *1047 right of set-off (i.e., the right of a defendant to assert a counterdemand against the plaintiff, arising out of a transaction extrinsic to the plaintiffs cause of action) is a fundamental right of any creditor. It is based on principles of right, justice, and benevolence. The right of set-off, which is essentially a doctrine of equity, is based on the principle that natural justice and equity require that the demands of parties mutually indebted be set off against each other and that, in a judicial proceeding by one against the other, only the balance should be recovered. 20 Am.Jur.2d Counterclaim, Recoupment, and Set-off §§ 2, 7 (1965).
The undisputed facts in the present case show that Southern Development had no notice of the assignment of the certificate of deposit to Jane Head until after its claim had accrued against Beverly Head for the amount of Birmingham One’s indebtedness under its promissory note and indemnity agreement.[3] Had Beverly Head not assigned his rights in the certificate of deposit and the indemnity agreement to the plaintiff, he could have pleaded Southern Development’s obligation to him under their indemnity agreement as a set-off against Southern Development’s claim. Likewise, Southern Development was entitled to raise its judgment against Beverly Head as a defense to Jane Head’s claim.[4]
Because there were no genuine issues of material fact and because Southern Development was entitled to a judgment as a matter of law, the summary judgment for Southern Development was proper and is, therefore, due to be affirmed. See Rule 56, Ala.R.Civ.P.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. In the action that resulted in that judgment, Beverly Head filed a counterclaim against Southern Development, seeking to hold it liable under its agreement to indemnify him for the loss of his certificate of deposit. That counterclaim was dismissed, however, on the ground that Beverly Head had assigned to Jane Head all of his rights in the certificate of deposit and on the basis of his indemnity agreement with Southern Development.

. The parties suggest that Ala.Code 1975, § 7-9-318, part of Alabama's version of the Uniform Commercial Code, is applicable in this case. Section 7-9-318, in pertinent part, provides:
"(1) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in section 7-9-206 the rights of an assignee are subject to:
"(a) All the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and
"(b) Any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."
*1047 Although this section is declarative of the common law, see Lawson State Community College v. First Continental Leasing Corp., 529 So.2d 926 (Ala. 1988), overruled on other grounds, Berner v. Caldwell, 543 So.2d 686 (Ala. 1989), citing with approval the committee comments to § 7-9-318, we can find no basis for holding it applicable under the facts of the present case. Although the indemnity agreement between Beverly Head and Southern Development is not a transaction of a sort listed as specifically excluded from Article 9, see § 7-9-104, it nonetheless is not included in those transactions enumerated in § 7-9-102 ("Policy and subject matter of article”).

. As a general partner in Costa and Head Land Company, which was the sole general partner in Birmingham One, Beverly Head was jointly and severally liable for the debts of Birmingham One. See Ala.Code 1975, § 10-8-52(2).

. We note the plaintiff’s argument that Southern Development was barred under the doctrine of collateral estoppel from raising its judgment against Beverly Head as a defense to the plaintiff’s claim. However, as we understand the record, the plaintiff was not a party in the previous action between Southern Development and Beverly Head, and the issue in the present case — whether Southern Development could plead the doctrine of set-off as a defense to the plaintiff's claim — was not litigated in that action. We further note that although the plaintiff was not allowed to intervene in the previous action, we can see no basis for concluding, as the plaintiff does, that Southern Development’s opposition to her intervention amounted to a "tacit” agreement to pay her $50,000.