ROBERTSON, Presiding Judge.
Tammy Hinton appeals from a judgment entered against Pollock Motor Car Company (Pollock) in the Circuit Court of Etowah County. We reverse and remand.
The record reveals the following facts, which are not disputed by the parties on appeal. On January 21, 1989, Hinton purchased a 1989 Ford Ranger pickup truck for $10,911.19 from Eastwood Ford in Irondale, Aabama. In late 1990 or early 1991, Hinton’s truck was having mechanical problems, and she took it to Goodyear Service Store for *650 repairs. The day after Hinton picked np the truck from Goodyear, it broke down. Subsequently, Hinton sued Goodyear, alleging negligent repair, and recovered $3,100.
Following the break-down of her truck, Hinton had it towed to Pollock’s repair shop for repairs. After completion of the necessary repairs to her truck, Pollock contacted Hinton to inform her that the truck was ready to be picked up. At that time, Hinton had lost her job and was unable to pay the entire $2,243.80 repair bill. Pollock refused to release Hinton’s truck until the repair bill was paid in full; consequently, Pollock retained possession of Hinton’s truck. On September 13, 1991, Hinton received a letter from Pollock stating that her truck had been stolen.
Hinton sued Pollock, alleging that her 1989 Ford Ranger pickup truck had been in Pollock’s possession for repair work, that Pollock was negligent in storing and protecting the truck, and that as a result of Pollock’s negligence the truck was stolen. Hinton sought $9,850 in damages. Pollock filed an answer denying negligence and asserting the affirmative defenses of contributory negligence and assumption of the risk. Pollock filed an amended answer and a counterclaim alleging that it was entitled to a set-off of $2,243.80 for the repair work it had performed on Hinton’s truck. Pollock also alleged that it was entitled to a set-off for the sums Hinton had received from other sources for the “same damages.” Hinton filed an answer to Pollock’s counterclaim, denying the allegations of the counterclaim and asserting the affirmative defenses of waiver and estoppel.
Following an ore tenus proceeding and the submission of posttrial memorandums of law, the trial court entered a judgment which stated:
“The Plaintiff, Tammy Hinton, is hereby awarded damages in the principal amount of $8,000, less the $2,243.80 repair bill owed to the Defendant, and less the $3,100 judgment previously recovered by the Plaintiff from the Goodyear Service Store.
“Therefore, the Plaintiff, Tammy Hinton, is awarded a judgment against the Defendant, Pollock Motor Company, in the amount of [$2,656.20]_”
Hinton’s motion to alter or amend the judgment was denied, and she appeals, raising the issue of whether Pollock is entitled to a set-off, as a matter of law, of the judgment for $3,100 previously recovered by Hinton in a separate action against a separate entity, Goodyear.
Where evidence is presented ore tenus, the judgment of the trial court is presumed correct and will not be disturbed on appeal absent a showing of plain and palpable error. Pilalas v. Baldwin County Savings & Loan Ass’n, 549 So.2d 92 (Ala. 1989). However, the ore tenus rule does not apply when this court is reviewing a question of law. First Mercury Syndicate, Inc. v. Franklin County, 623 So.2d 1075 (Ala. 1993). In this ease, no presumption of correctness attaches to the trial court’s judgment, and we review the judgment de novo. Id.
The right of set-off is “based on the principle that natural justice and equity require that the demands of parties mutually indebted be set off against each other....” Head v. Southern Development Co., 614 So.2d 1044, 1047 (Ala.1993) (emphasis added). In this ease, Hinton and Pollock are mutually indebted; Hinton owes Pollock for the repairs and Pollock owes Hinton for the loss of her truck. Consequently, it was proper for the trial court to set off the $2,243.80 repair bill.
However, it was not proper for the trial court to set off the $3,100 judgment Hinton received against Goodyear. “[A]s a matter of law, non-joint tort-feasor defendants whose acts do not combine to cause one single injury cannot claim a set-off as a matter of law of any amount received by the plaintiff in settlement with other non-joint tort-feasor defendants based on distinct acts of those defendants.” Ex parte Martin, 598 So.2d 1381, 1385 (Ala.1992). Goodyear and Pollock are not joint tort-feasors in this action. Goodyear’s negligent repair of Hinton’s truck constituted one distinct act; Pollock’s negligence in allowing the truck to be stolen constituted a separate distinct act. Therefore, Pollock and Goodyear are non-joint *651 tort-feasors whose acts did not combine to cause a single injury.
Based on the foregoing, the only set-off Pollock is entitled to is the amount of Hinton’s repair bill. Therefore, to the extent that the trial court’s judgment allowed Pollock a set-off of $3,100, it is hereby reversed, and this cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN, YATES, MONROE and CRAWLEY, JJ., concur.