PER CURIAM.
 

 Lana M. Henderson (“the former wife”) appeals from a judgment of the Marion Circuit Court that, among other things, purported to limit or abrogate certain garnishment orders applicable to assets of, and to prospectively modify the periodic-alimony obligation of, Henry A. Henderson (“the former husband”). We affirm the judgment in part, we reverse the judgment in part, and we remand the cause for further proceedings.
 

 These parties are no strangers to appellate litigation. See
 
 Henderson v. Henderson,
 
 800 So.2d 595 (Ala.Civ.App.2000)
 
 (“Henderson I
 
 ”);
 
 [1]
 

 Ex parte Henderson
 
 (No. 2030814, August 3, 2004), 919 So.2d 333 (Ala.Civ.App.2004) (table)
 
 (“Henderson II
 
 ”); and
 
 Henderson v. Henderson
 
 (No. 2040453, December 23, 2005), 975 So.2d 1024 (Ala.Civ.App.2005) (table)
 
 (“Henderson III”).
 
 In May 1999, in case number DR-98-5032, the Marion Circuit Court entered a judgment that, among other things, divorced the parties, divided the parties’ real and personal property, and denied the former wife periodic alimony and any interest in the former husband’s retirement account. The former wife appealed to this court, arguing that the trial court had erred in refusing to award to her periodic alimony; in failing to divide the former husband’s retirement funds, and in failing to award to the former wife an attorney fee. In
 
 Henderson I,
 
 this court reversed the trial court’s judgment and instructed that court, on remand, to award the former wife periodic alimony, a portion of the former husband’s retirement benefits, and an attorney fee. In
 
 Henderson II,
 
 we granted a mandamus petition filed by the former wife in which she had sought an order directing the trial court to enter a final judgment responsive to this court’s mandate in
 
 Henderson I.
 

 
 *1284
 
 In response to our rulings in
 
 Henderson I
 
 and
 
 Henderson II,
 
 the trial court entered a judgment that, as finally amended in January 2005, provided that the former husband was to pay the former wife $600 in monthly periodic alimony; that that obligation was retroactive to the date that
 
 Henderson I
 
 was decided; that no interest would accrue as to that arrearage; that the former husband’s $83,000 alimony ar-rearage either could be immediately discharged or could be satisfied by payments of $400 per month; that the former wife would be entitled to one-half of the former husband’s pension payments (to be paid to her pursuant to the terms of a qualified domestic-relations order directed to the administrator of the pension plan); and that the former husband was to pay the former wife an attorney fee of $23,537.24. The former husband appealed from that judgment;
 
 [2]
 
 in
 
 Henderson III,
 
 we affirmed that judgment without an opinion. A review of the former husband’s brief filed in this court in
 
 Henderson
 
 III
 
 [3]
 
 indicates that, although the former husband challenged, among other things, the trial court’s award of attorney fees and the propriety of the retroactive periodic-alimony award, no legal authority was cited in his appellate brief in support of his contentions; our no-opinion order of affirmance cited, among other cases,
 
 Tucker v. Cullmam-Jefferson Counties Gas Dist.,
 
 864 So.2d 317, 319 (Ala.2003), which holds that a failure to argue an issue, with citation to applicable authority, is tantamount to a waiver of that issue on appeal.
 
 [4]
 
 The former husband’s certiorari petition seeking review of our judgment of affirmance was struck in March 2006. After this court’s certificate of judgment in
 
 Henderson III
 
 was issued, the former wife sought and obtained orders of garnishment (dated April 28, 2006) with respect not only to the former husband’s pension, but also to his benefits payable by the United States Social Security Administration.
 

 The case giving rise to this appeal, case number DR-98-5032.01, apparently originated in June 2006 with the former husband’s filing, through new counsel, of a petition to modify the parties’ divorce judgment; although no copy of that petition appears in the record,
 
 [5]
 
 the electronic case-action-summary sheet indicates that the former husband asserted a “claim of exemption” and an “objection” to garnishment. The case-action-summary sheet further indicates that the former wife sought sanctions against the former husband for his alleged contempt of court,
 
 *1285
 
 opposed the former husband’s contentions regarding the propriety of garnishment, and sought an award of attorney fees for the period after May 1999. A hearing was held on the parties’ claims in August 2006. In October 2007, again according to the case-action-summary sheet, the former husband filed a second motion in which he sought to temporarily stop the garnishment of his Social Security benefits; the former wife filed a response to that motion (which does appear in the record) in which she asserted that the former husband’s claim of exemption from garnishment was not well taken and that the former husband was in contempt for not paying alimony currently due. After receiving arguments and briefs from the parties, the trial court, on July 7, 2008, ruled that “all Motions/Petitions pending[ ] as of the day of this Order[ ] are hereby denied.” Although the former husband timely filed a motion to alter, amend, or vacate the trial court’s July 7, 2008, judgment denying all relief sought by the parties in case no. DR-98-5032.01, that motion was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. No appeal was taken by either party.
 

 In July 2009, the former wife filed a motion in which she sought an amendment to the garnishment order directed to the administrator of the former husband’s pension; in that filing, the former wife requested simply that future payments be directed to the former wife’s home address. The trial court granted the former wife’s motion on July 27, 2009. The former wife then filed a similar motion seeking an amendment to the garnishment order directed to the Social Security Administration in which the former wife requested that future Social Security payments garnished from the former husband’s account be directed to the former wife’s home address; the trial court initially granted that motion, but it rescinded that ruling and set the matter for a hearing after the former husband filed an objection to garnishment on August 20, 2009. After a hearing, the trial court entered a judgment on January 12, 2010, that denied the former wife’s contempt petition; quashed further garnishment of the former husband’s Social Security benefits; limited further garnishment from the former husband’s pension to no more than 25 percent of his monthly benefit; specified that all previous payments by the former husband were to be allocated first to alimony, then to accrued attorney fees, then to any arrearages; and directed that the former husband’s periodic-alimony obligation would be reduced to $200 per month starting in October 2009 and would terminate in October 2010. The former wife appeals.
 

 The former wife first argues that the trial court erred in failing to find the former husband in contempt. We note, however, that the former wife’s brief reveals her most recent contempt claim to be based on the same alleged conduct of the former husband between 1999 and 2005, and the same testimony elicited in the August 2006 hearing, that was presented for the trial court’s consideration by her earlier contempt petition; notwithstanding that evidence, the trial court’s July 7, 2008, omnibus judgment denying all claims pending at that time declined to find the former husband in contempt, and the former wife did not appeal from that judgment. Because that aspect of the trial court’s July 7, 2008, judgment was not presented to this court for review, that provision is now binding, and the trial court could properly have concluded that the former wife’s attempt to prolong litigation regarding the contempt issue by reasserting it in a subsequent, duplicative petition, rather than by properly seeking appellate review, should be rejected.
 
 See
 
 
 *1286
 

 Transcall Am., Inc. v. Comtel-Birmingham, Inc.,
 
 571 So.2d 1051, 1052 (Ala.1990). Further, because the trial court properly denied the contempt petition, the condition precedent to the former wife’s contention that Ala.Code 1975, § 30-2-54, mandates an award of attorney fees is also absent.
 
 [6]
 

 Just as the trial court’s judgment of July 7, 2008, bars the former wife from relitigating certain issues, however, that judgment likewise bars the former husband from again contesting the propriety of the garnishment orders as to his pension and his Social Security benefits. A judgment entered in a garnishment proceeding has all the properties of, and
 
 qualities of finality of,
 
 any other civil judgment.
 
 Wyers v. Keenon,
 
 762 So.2d 353, 355 (Ala.1999). In this case, the former husband had the opportunity to raise the issue that all or part of the payments due him from his pension or from the Social Security Administration were not subject to garnishment at the behest of the former wife.
 
 See also
 
 Rule 64B, Ala. R. Civ. P.
 
 [7]
 
 However, the trial court’s judgment of July 7, 2008, denying all then pending petitions and motions finally adjudicated the former husband’s exemption claims and objections to garnishment. The former husband did not appeal from that judgment, and the trial court, therefore, erred in its January 12, 2010, judgment by allowing the former husband, in lieu of taking that appeal, a “second bite of the
 
 apple”
 
 — i.e., an impermissible collateral attack on the July 7, 2008, judgment — as to his garnishment objections and exemption claims, especially when the sole relief sought by the former wife was two simple changes of payment addresses, relief that did not reopen the propriety of the garnishments themselves.
 
 See Ex parte Edmondson,
 
 451 So.2d 290, 293 (Ala.1984) (domestic-relations judgments, regular on their faces, are immune from collateral attack). To the extent that the trial court modified and abrogated its garnishment orders in its January 12, 2010, judgment, including its specifications as to allocations of moneys previously paid, it erred as a matter of law (as to which matters the
 
 ore tenus
 
 presumption of correctness, cited by the former husband, does not apply,
 
 see Hinton v. Pollock Motor Car Co.,
 
 659 So.2d 649, 650 (Ala.Civ.App.1995)), and we reverse the judgment as to that issue.
 

 We reach a similar conclusion regarding the former wife’s contention that the trial court improperly prospectively reduced the former husband’s alimony obligation. Although a decision to modify an award of periodic alimony is generally within the sound discretion of the trial court,
 
 see, e.g., Beatty v. Beatty,
 
 991 So.2d 761, 767 (Ala.Civ.App.2008), a trial court acts in a manner inconsistent with “due process and fair play” by modifying a spousal-support obligation
 
 sua sponte
 
 in the absence of a petition to modify a support judgment or, at the least, an oral request seeking a modification.
 
 Price v. Price,
 
 442 So.2d 121, 122-23 (Ala.Civ.App.1983). We agree with the former wife that there was no evidence presented to the trial court at the hearing on the former
 
 *1287
 
 wife’s motions to amend and the former husband’s objection to garnishment that would support a conclusion that the former husband’s ability to pay alimony or the former wife’s need for continued alimony payments had materially changed. To that extent, as well, the trial court’s judgment of January 12, 2010, was in error.
 

 Based upon the facts and authorities we have set forth herein, the January 12, 2010, judgment of the trial court is affirmed as to the denial of the former wife’s contempt petition and as to the denial of a supplemental award of attorney fees. As to the termination of garnishment as to the former husband’s Social Security benefits, the reduction of garnishment as to the former husband’s pension benefits, and the reduction and subsequent termination of the former husband’s alimony obligation, that judgment is reversed. The cause is remanded for further proceedings consistent with this opinion. The former wife, who has prevailed as to some of the issues presented, is awarded an attorney fee of $1,500 in connection with the services of her counsel on appeal.
 
 [8]
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 All the judges concur.
 

 [1]
 

 . A reporter’s note to the official report of
 
 Henderson I
 
 reveals (a) that "[o]n July 21, 2000, the Supreme Court granted Henry A. Henderson’s petition for certiorari review (docket no. 1991497)”; (b) that "on December 15, 2000, the parties filed a 'notice of reconciliation’ and (c) that on December 27, 2000, the supreme court treated that "notice of reconciliation” as a motion to dismiss the certiorari petition and granted that motion.
 
 Henderson I,
 
 800 So.2d at 599.
 

 [2]
 

 . Notably, the former wife did not cross-appeal as to the provision in the judgment holding that the $33,000 alimony arrearage would not accrue interest. Because that provision was not presented for review in
 
 Henderson III,
 
 that provision is now binding under the "law of the case" doctrine.
 
 See Scrushy v. Tucker,
 
 70 So.3d 289, 304 (Ala.2011) (noting that a party is precluded from relitigating, after an appeal, matters that should have been, but were not, raised on appeal).
 

 [3]
 

 . In response to a motion filed in this appeal by the former wife, we ruled that we would take judicial notice of the records in the previous proceedings involving these parties to the extent that drey pertained to the issues involved in this appeal.
 

 [4]
 

 . Rule 53(d), Ala. R.App. P., provides that an order of affirmance by which a judgment is affirmed by this court without an opinion may properly be referenced to establish “the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar.”
 

 [5]
 

 . Both parties have impermissibly attempted to cure omissions from the appellate record by attaching exhibits to their appellate briefs. Those exhibits have been disregarded.
 
 E.g., Slepian v. Slepian,
 
 355 So.2d 714, 716 (Ala.Civ.App.1977).
 

 [6]
 

 . Although the former wife also contends that an award of fees would have been appropriate under Ala.Code 1975, § 12-19-271, a portion of the Alabama Litigation Accountability Act ("ALAA”), we note that the former wife asserted no ALAA claim in the trial court. We will not reverse a trial court’s judgment based upon an argument not first presented to that court.
 

 [7]
 

 . That would necessarily include the former husband’s contention that Ala.Code 1975, § 6-10-7, which speaks to exemptions from garnishment for "wages, salaries, or other compensation of laborers,” encompasses pension payments.
 

 [8]
 

 . We, being a court of review, decline the former wife’s invitation, advanced in her reply brief, to mandate the voiding of alleged fraudulent conveyances on the part of the former husband. Any such relief, if appropriate, must first be sought in the trial court.
 
 See Brown v. Transportation Ins. Co.,
 
 448 So.2d 348, 349 (Ala.1984).