THOMPSON, Presiding Judge.
Patricia Palmer (“the wife”) appeals from two separate orders entered by the Montgomery Circuit Court (“the trial *14 court”), ⅛ case no. DR-07-651.02, in connection with her effort to garnish a Trust-mark Bank account (“the Trustmark account”) owned by Palmer Properties, Inc. (“Palmer Properties”). Palmer Properties is an entity owned by the wife’s former husband, William Aston Palmer (“the husband”). The trial court denied the wife’s request to garnish the Trustmark account and subsequently ordered the circuit.clerk to release the proceeds from that account to the husband.
The wife’s appellate brief omits a number of facts relevant to a determination of these appeals. Neither the husband nor Palmer Properties has favored this court with a brief on appeal. The record indicates the following. The trial court entered a judgment ordering the husband to pay the wife $300,000 plus costs arid an attorney fee (“the contempt judgment”) because the husband had failed to pay the wife money he owed her pursuant to their divorce judgment.[1] The contempt judgment stated that its execution “shall lie against any and all assets owned now or in the future by the ... Husband, as allowed by law, including all of the .,, Husband’s interests in any companies or corporations or personal holdings he now owns or may own in the future, including but not limited to: Palmer Properties,” among others. The contempt judgment specifically stated that interest on the $300,000 award was to accrue from June 16, 2010, at a rate of 6% annually.
On April 15, 2014, the wife received a “Final Judgment against Garnishee” Palmer Properties in the amount of $415,044.46 (“the garnishee judgment”). In. her brief on appeal, the wife does not explain the basis for the garnishee judgment; however, based on the record before us, it appears that the garnishee judgment is intended to allow the wife to recover the money awarded to her in the contempt judgment, plus the accrued interest. There is no evidence indicating that the garnishee judgment was challenged or appealed.
In a separate action, designated in the trial court as case no." DR-07-651.03, the husband filed a “Petition for Modification” (that action is hereinafter referred to as “the modification action”). A copy of that petition is not contained in the record on appeal. On August 13, 2014; the trial court entered a judgment in the módifícation action (“the modification judgment”) that, among other things, lowered the amount of the husband’s child-support ob-ligafion. -The modification judgment includes the following provision:
“That consistent with the ... Husband’s obligation to pay the child support herein, and other obligations, the ,.. Husband shall be allowed to have at least one open banking account from which to conduct business and the ... Wife shall be restrained from freezing the said account.”
The garnishee judgment was not satisfied, so, on November 24, 2014, the wife filed a petition for a writ of garnishment agairist Palmer Properties’ accounts at Trustrriark. On January 12, 2015, Trust-mark filed an answer stating that Palmer Properties had an account at Trustmark containing $6,900.14. In her appellate brief, the wife states that on January 15, 2015, she 'filed a “motion for garnishment remittance.” The trial court denied the *15 motion the next day, January 16, 2016, before either Palmer Properties or the husband responded tó the wife’s motion. On January 26, 2015, the wife filed' a motion to alter, amend, or vacate the January 16, 2015, order. The trial court denied that motion on January 30, 2015. On March 10, 2015, the wife appealed the trial court’s January 16, 2015, order denying the motion for garnishment remittance. That appeal was assigned appellate case no. 2140466.
On March 23, 2015, Trustmark remitted the $6,900.14 in Palmer Properties’ account to the court. On March 25, 2015, the wife filed a motion to condemn that money. On March 31, 2015, the husband, as an interested party, filed an objection to the wife’s motion. In support of his objection, the husband noted that, in the modification- judgment, the trial court had allowed him to have one checking account that the wife could not garnish. He stated that the wife “ignored that Order and garnished the designated checking account.” The husband also stated that the Trust-mark account at issue contained insurance proceeds of approximately $6,800 “earmarked by the insurance company to repair an insured vehicle.” Furthermore, the husband said, the trial court had previously denied the wife’s motion for remittance of the money in the Trustmark account.
On April 2, 2015, the trial court entered an order “granting” the husband’s objection. The trial court wrote that, pursuant to its modification judgment, the wife
“was restrained from freezing one open banking account held by the ... Husband ... to conduct business. The Court deems the Trustmark National Bank account as such account and any money held or garnished therefrom shall be disbursed by the Clerk to [the husband] for the operation or conduct of business. All other banks and accounts shall not be subject to this order.”[2]
The wife appealed the trial court’s April 2, 2015, order to this court on April 6, 2015. That appeal was assigned appellate case no. 2140543. At the request of the wife, this court has consolidated appellate case numbers 2140466 and 2140543, ,
We first note that, in her brief on ap-' peal,' the wife does not mention the ground for the trial court’s denial of her motion for garnishment remittance, nor does she mention the provision in the modification judgment that prohibits her from garnishing one of the husband’s bank accounts. Thus, the wife’s brief fails to provide “[a] full statement of the facts relevant to the issues presented for review.” Rule 28(a)(7), Ala. R.App. P.
As to her arguments on appeal, the wife first contends that she was entitled to the entry of both a conditional judgment and a final judgment based on Trustmark’s answer that Palmer Properties had an account with Trustmark with a balance of $6,900.14. She also asserts that she was entitled to have the $6,900.14 condemned and paid to her in satisfaction of the garnishee judgment she had against Palmer Properties. The wife’s arguments are based on the statutory law governing the procedure for garnishment. For example, the wife argues that, once Trustmark acknowledged that Palmer Properties had an account there, then, pursuant to § 6-6-454, Ala.Code 1975, the trial court was required to enter a judgment garnishing *16 that account.[3] She also asserts that the husband did not make a “proper contest” to garnishment under § 6-6-459, Ala.Code 1975, because he did not raise any of the grounds enumerated in that statute.[4]
If this case involved only whether the procedure for garnishment had been properly followed, this court might well conclude that the wife’s arguments have merit. However, the basis for the trial court’s refusal to garnish Palmer Properties’ Trustmark account was its determination that, pursuant to the terms of the modification judgment, that account of an entity in which the husband had an interest — and only that account — was not subject to garnishment. The wife’s appellate brief is silent as to the actual basis on which the trial court denied her motion for garnishment remittance. Thus, any argument that could have been made on appeal challenging the basis for the trial court’s January 16, 2015, order is deemed waived. See Gary v. Crouch, 923 So.2d 1130, 1136 (Ala.Civ.App.2005) (“[T]his court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived.”).
Moreover, we note that the wife did not appeal from the modification judgment that allowed the husband to have one bank account that the wife could not “freeze” or garnish. Her attempt to garnish the designated account despite the provision in the modification judgment prohibiting her from such conduct constitutes an improper collateral attack of the modification judgment. Therefore, the wife cannot challenge the propriety of that provision of the modification judgment in these appeals. See Henderson v. Henderson, 73 So.3d 1282, 1286 (Ala.Civ.App.2011); Ex parte Edmondson, 451 So.2d 290, 293 (Ala.1984) (holding that domestic-relations judgments, regular on their faces, are immune from collateral attack).
The wife has failed to demonstrate that the trial court erred in denying her motion for garnishment remittance as to the Trustmark account. Therefore, the January 16, 2015, order at issue in appellate case no. 2140466 is affirmed.
The wife also argues that the trial court did not have jurisdiction to order the circuit clerk to disburse the money that Trustmark had remitted to the court on March 23, 2015. Specifically, the wife argues that, because she had appealed from the trial court’s January 16, 2015, order denying her motion for garnishment remittance, the trial court did not have jurisdiction to decide any issues related to the garnishment of the Trustmark account.
Although the trial court had denied the motion for garnishment remit *17 tance of the money in the Trustmark account on January 16, 2015, Trustmark nevertheless paid that money into court on March 23, 2015, while the wife’s appeal, of the January 16 order was pending. Two days later, on March 25, 2015, the wife filed a motion in . the trial court seeking the condemnation of that money. On March 31, 2015,' the husband, as an interested party, filed an objection to the wife’s motion. The trial court “granted” the objection on April 2, 2015, and ordered the clerk to disburse the money to the husband.
“Jurisdiction of a ease can be in only one court at a time. Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089 (Ala.2000). Therefore, while an appeal is pending, the trial court ‘can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.’ Foster [v. Greer & Sons, Inc.,] 446 So.2d [605,] 608 [(Ala.1984) (overruled by Ex parte Andrews, 520 So.2d 507 (Ala.1987), to the extent Foster held that filing a notice of appeal ousts the trial court of jurisdiction to consider a timely filed postjudgment motion) ]. Although the general rule is that a trial court is divested of its jurisdiction during a pending appeal, a trial court may proceed in matters that are entirely ‘collateral’ to the appeal, See Owens v. Williams, 276 Ala. 627, 165 So.2d 709 (1964); Osborn v. Riley, 331 So.2d 268 (Ala.1976); Barran v. Roden, 263 Ala. 305, 82 So.2d 398 (1955).”
Reynolds v. Colonial Bank, 874 So.2d 497, 503 (Ala.2003).
“ ‘Collateral’ matters are those that ‘d[o] not raise any question going behind the [judgment] appealed from, nor [do they] raise any question decided by that [judgment].’ Osborn v. Riley, 331 So.2d 268, 272 (Ala.1976). More broadly speaking, collateral matters ‘d[o] not involve the “rights and equities” relative to the question on appeal.’ [Reynolds v.] Colonial Bank, 874 So.2d [497,] 503 [ (Ala.2003) ] (quoting Osborn, 331 So.2d at 272).”
Vesta Fire Ins. Corp. v. Liberty Nat'l Life Ins. Co., 893 So.2d 395, 412 (Ala.Civ.App.2003). “A judgment entered in a garnishment proceeding has all the properties of, and qualities of finality of, any other civil judgment. Wyers v. Keenon, 762 So.2d 353, 355 (Ala.1999).” Henderson, 73 So.3d at 1286.
Accordingly, we must determine whether the trial court’s April 2, 2015, order directing the clerk to disburse the remitted money to the husband concerned matters decided by the January 16, 2015, order denying the wife’s motion for .garnishment remittance or ■ whether it concerned matters collateral to the matters decided by the January 16, 2015, order. The subject of both the January 16, 2015, and April 2, 2015, orders was the money that Palmer Properties had in the Trust-mark account. In its order of January 16, 2015, the trial court determined that the wife was not entitled to that money. The wife timely appealed from that order. In the April 2, 2015,' order, the trial court directed that the same money from the Trustmark account be turned over to the husband. However, because that money was the subject of the wife’s first appeal, we conclude that the issue addressed in the April 2, 2015, order was not collateral to the issue raised in the wife’s appeal of the January 16, 2015, order. In other words, if this court were to determine that the trial court erred in denying the wife’s motion for garnishment remittance, meaning that the wife was entitled to garnish the Trustmark account, that decision would directly conflict with the trial court’s order of April 2, 2015, which essentially *18 awarded the same money to the husband. This is the very situation the general rule providing for jurisdiction of a case in only one court at a time is designed to prevent.
Aceordingly, even ~liough this court has concluded that the trial court did not err in entering the Januai~y 16, 2015, order, we nevertheless hold that the trial court was without jurisdiction to address the wife'~ motion to condeirrn the money at issue. Therefore, the trial court's April 2, 2015, order is void. Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008) ("A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.").
For the reasons set forth above, the January 16, 2015, order denying the Wipe's request to garnish the~ Trustthark account is affirmed. The appeal of the April 2, 2015, order is dismissed with instructions to the trial court to vacate that judgment.
2140466-AFFIRMED.
2140543-APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The copies of the contempt judgment awarding the wife the $300,000 contained in the record are not dated. A handwritten notation of "10/26/10” appears on one copy, and, in a "motion to compel” contained in the record, the wife states that the contempt judgment was entered on October 26, 2010, The State Judicial Information System ("SJIS”) included with this case begins on February 6, 2011.

. The record contains more than a dozen garnishment requests that the trial court had granted.

. Section 6-6-454 provides:
"If the garnishee answers and admits indebtedness to the defendant, judgment thereon must be entered against him, after judgment against the defendant, for the amount so admitted, if less than the amount of the judgment against the defendant, or, if more or equal thereto, for the amount thereof; and if the debtor demand is not then payable, execution must be suspended until its maturity,”

. Section 6-6-459 provides:
"The defendant, upon the coming in of the answer, may, within 30 days after notice of the filing of the answer, allege that the garnishee is indebted to him in a larger sum than he has admitted, is otherwise liable to him on a demand, the subject of garnishment, or that he holds money or effects of the defendant not admitted in his answer, which, being reduced to writing setting forth particularly in what respect the answer is deficient and being sworn to, an issue must thereupon be made up, under the direction of the court, which must be tried by a jury if required by either party; but such controversy shall not prevent the plaintiff from taking judgment upon the answer of the garnishee.”