THOMPSON, Presiding Judge.
L.E.W. Ill (“the father”) appeals from a judgment of the Elmore Juvenile Court (“the juvenile court”) dismissing the claims filed by both the father and M.J.L. (“the mother”). This is the second time the father has come before this court in connection with matters involving the custody of the parties’ child. He previously filed a petition for a writ of mandamus in which he asked this court to direct Elmore Circuit Judge Sibley Reynolds to set aside an order denying the father’s request that Judge Reynolds recuse himself from a related matter. The father also asked this court to direct Judge Reynolds to set aside orders that the father said denied his requests for hearings in the Elmore Circuit Court (“the circuit court”). This court dismissed the father’s petition on the ground that the circuit court had never obtained jurisdiction over the father’s action. Ex parte Washington, 176 So.3d 852, 854 (Ala.Civ.App.2015).
In Washington, we set forth the following.procedural history, which is relevant to the instant appeal.
“According to the materials the father submitted in support of his petition, the action before Judge Reynolds is. a custody dispute between the father and [M.J.L.] (‘the mother’), who have never married. The materials also include pleadings and documents from other cases involving the mother, the father, and the child, although the father does not appear to have included an entire record from .any of those, cases. What pleadings we do have indicate that in 2012 the State of Alabama filed a petition for support on behalf of the mother in the ‘Child Support Court of Elmore County Alabama,’ a division of the El- *1172 more Juvenile Court (‘the juvenile court’); that action was designated as case number CS-2012-900137.04 (‘the child-support action’). Although a determination of paternity was not requested, the father was named as the defendant in the child-support action. The original child-support order is not contained in the materials submitted to this court; however, the materials contain an order dated February 10, 2014, which modified the father’s child-support obligation and found the father in arrears.
“In October 2013, the father, acting pro se, filed a petition seeking a finding of dependency and an award of custody in the juvenile court; that action was designated as case number JU-2013-287.02 (‘the dependency action’). On August 21, 2014, the juvenile court entered a judgment in the dependency action determining that the father had not met his burden of showing that the child was dependent and denying the petition.
“The same day that the judgment was entered in the dependency action, August 21, 2014, the father, again acting pro se, filed in the circuit court a peti- ' tion ‘to establish custody’; that action was designated as case number DR-2014-900264 (‘the custody action’). The custody action is the subject' of the present petition for a writ of mandamus.”
Washington, 176 So.3d at 853.
In determining that the circuit court did not have jurisdiction over the matter, we explainéd:
“A juvenile court has original jurisdiction over actions to establish paternity. § 12-15-115(a)(6), Ala.Code 1975. Section 12-15-115(a)(7), Ala.Code 1975, provides that juvenile courts have original jurisdiction in ‘[proceedings to establish, modify, or enforce support, visitation, or custody when a juvenile court previously has established parentage.’ Our supreme court has held that an order requiring a man to pay child support is an implicit judicial determination of paternity. See Ex parte State ex rel. G.M.F., 623 So.2d 722, 723 (Ala.1993) (holding that an order requiring a man to pay child support was an implicit ‘judicial determination of paternity qualifying for res judicata finality1). Likewise, this court has determined that an award of support to one parent constitutes an implicit award of custody to that parent. See T.B. v. C.D.L., 910 So.2d 794, 796 (Ala.Civ.App.2005); M.R.J. v. D.R.B., 17 So.3d 683, 686 (Ala.Civ.App.2009).
“In this case, the limited materials submitted to us indicate that the juvenile court has previously entered a judgment ordering the father to pay child support to the mother; thus, the juvenile court has made implicit determinations as to paternity and custody. In a separate action, the juvenile court entered a judgment that included the express determination that the child was not dependent, and it declined to award the father custody. Pursuant to § 12-15-117(c), Ala.Code 1975, the juvenile court ‘shall retain jurisdiction over an individual of any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law_’
“Because the materials submitted to us indicate that the juvenile court has entered judgments regarding support and custody of the child, it ‘shall retain jurisdiction’ to modify those orders. Therefore, the juvenile court, not the circuit court, has jurisdiction over the father’s petition for custody in this case. Id”
Washington, 176 So.3d at 853-54.
On February 23, 2015, three days after our opinion in Washington was released, the father filed in the juvenile court a *1173 dependency petition and sought custody of the parties’ child. On May 19, 2015, the juvenile court held a final hearing in the case. A transcript of that hearing is not included in the record on appeal. However, the juvenile court’s judgment, entered on May 19, 2015, states that, at that hearing, the father — who was at that time represented by counsel — and the mother stipulated that the child was not dependent as that term is defined in § 12-15-102, Ala. Code 1975, and that both parties agreed to voluntarily dismiss all pending pleadings in the case. The judgment also states that “[t]he parties expressly stipulate^] and hereby voluntarily submit to the jurisdiction” of the circuit court and that the parties agreed to the transfer of “all pending claims relative to the subject child” to the circuit court, including the claims and orders contained in case number CS-12-900137.04, which we designated as the child-support action in the opinion dismissing the father’s petition for a writ of mandamus. Washington, 176 So.3d 852.
On June 2, 2015, the father, acting pro se, filed a “motion to rehear,” which we will treat as a motion to alter, amend, or vacate filed pursuant to Rule 59, Ala. R. Civ. P. In that motion, the father made no mention of the agreement to which both parties assented at the May 19, 2015, hearing, pursuant to which he stipulated that the child was not dependent and agreed that he would dismiss his dependency petition. With the motion, the father submitted a “brief [of] new evidence including recordings, videos, and text message correspondence to corroborate his complaint.” On June 6, 2015, the juvenile court denied the “motion to rehear” on the ground that, at the May 19, 2015, hearing, the father had expressly stipulated that the child was not dependent and had agreed that the pending dependency petition would be dismissed and that any future claims regarding custody, visitation, and child support would be heard by the circuit court. The juvenile court also stated that, in the motion and the accompanying brief, the father alleged no new grounds for a finding of dependency.
The father filed a timely notice of appeal on June 11, 2015. On June 17, 2015, the mother filed in the juvenile court a motion to strike the “evidence” contained in the submission the father had filed with his “motion to rehear” because, she said, the father had already agreed that the child was not dependent and that he would dismiss his dependency petition, and, she said, the evidence was not authenticated and was otherwise inadmissible. There is nothing in the record or on the case-action summary indicating that the juvenile court ruled on the mother’s motion to strike. On August 7, 2015, the father filed a motion in the juvenile court seeking the “release” of evidence and exhibits presented to the juvenile court. The juvenile court granted that motion on August 14, 2015.
The father has submitted his own recreation of the record to this court in support of this appeal.. He also filed a “motion to transmit originals” of the exhibits he requested be returned from the juvenile court. The “record” the father compiled does not meet the requirements for supplementing the record under Rule 10(f), Ala. R.App. P.;[1] therefore, the father’s motion to transmit the originals is *1174 denied. The mother did not submit a brief on appeal.
The father is appearing pro se before this court. In his brief, the father contends that the juvenile court was not precluded from determining whether the child was- dependent because, he says, he proffered evidence contrary to the stipulation that, he says, was “drafted by the court.” The father has made no argument that the May 19, 2015, judgment is due to be set .aside because of any impropriety associated with the stipulation and the agreement announced in open court. For example, the father does not contend that he assented, to the stipulation and the agreement, while he was under duress or under a misapprehension of law or fact. See, e.g., Claybrook v. Claybrook, 56 So.3d 652, 654-55 (Ala.Civ.App.2010). Thus, any argument that, could have been made on appeal challenging the stipulation and the agreement made the basis of the juvenile court’s May 19, 2105, judgment is deemed waived. See Gary v. Crouch, 923 So.2d 1130, 1136 (Ala.Civ.App.2005) (“[T]his court is confined in its review to addressing the arguments raised by the parties in their briefs .on appeal; arguments not raised by the parties are waived.”); see also Palmer v. Palmer, 192 So.3d 12, 16 (Ala.Civ.App.2015).
“An agreement reached in settlement of litigation is as binding upon the parties as any other contract. Brocato v. Brocato, 332 So.2d 722 (Ala.1976). Moreover, there is a strong policy of law favoring compromises and settlements of litigation, especially in suits involving families, since the honor and peace of the family is often at stake. Western Grain Company Cases, 264 Ala. 145, 85 So.2d 395 (1955).”
Porter v. Porter, 441 So.2d 921, 923 (Ala.Civ.App.1983). Moreover, we note that agreements made in open court — like the stipulation and agreement in this case— are binding, whether such agreements are oral or written. Rule 47, Ala. R.App. P.
The father did not present the juvenile court with any grounds for setting aside the parties’ stipulation that the child was hot dependent and their agreement that they would dismiss their respective claims. Accordingly, the juvenile court did not err when it did not determine whether the child was dependent. Furthermore, we note that, in his brief on appeal, the father has not set forth any facts tending to suggest that the child was dependent.
The father next argues that the juvenile court erred “in upholding” the existing custody arrangement and that the juvenile court’s “findings” were not supported by the evidence. These arguments demonstrate that the father misunderstands the basis for. the judgment, which, the judgment makes clear, was entered based upon a stipulation and an agreement of the parties announced in open court. Additionally, no evidence was taken at the "final hearing, and the juvenile court did not make any findings. Finally, the juvenile court, with the express agreement of the parties, purported to “terminate[] its jurisdiction” in this case and transfer jurisdiction of any future issues.regarding the child to the circuit court. The juvenile court then dismissed the action. The juvenile court made no factual finding or determination “allowing custody to remain” with the mother, as the father contends. The father’s arguments as to these issues do not address the basis on which the judgment was entered. Accordingly, these issues present no basis for reversal.
The father does not challenge on appeal that portion of the juvenile court’s judgment purporting to terminate its jurisdiction over any future issues regarding custody, visitation, or support of the child and transferring the matter to the circuit court. This court expresses no opinion as *1175 to the propriety of that portion of the judgment.
For the reasons set forth above, the juvenile court’s judgment, insofar as it has been challenged by the father, is affirmed.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. Rule 10(f) provides, in pertinent part:
"If [in a civil action] admitted or offered evidence that is material to any issue on appeal is omitted from the record after being designated for inclusion as required in Rule 10(b), or if any question arises as to whether the record correctly reflects what occurred in the trial court and the parties cannot stipulate what action should be taken to supplement or correct the record, the appellant or the appellee may file with the trial court a motion to supplement or correct the record on appeal...."